Form ODIS

**Entered on Docket**
**October 16, 2006**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

### UNITED STATES BANKRUPTCY COURT
#### Northern District of California

In Re:
Fletcher Hartwell Hyler
Debtor(s)

Case No.: 04–32952 Chapter: 11

Andrea A. Wirum
Plaintiff(s)
vs.
Investment Grade Loans, Inc. et al.
Defendant(s)

Adversary Proceeding No. 06–03164

## ORDER RE INITIAL DISCLOSURES AND DISCOVERY CONFERENCE

The purpose of this order is: (1) to notify the parties of their obligation under Fed. R. Civ. P. 26, as incorporated by Fed. R. Bankr. P. 7026, to make Initial Disclosures and meet for a Discovery Conference; and (2) to modify those Rule 26 requirements in certain respects. As such, this order has no effect in any proceeding exempted under Rule 26(a)(1)(E) and (f) from the Initial Disclosure and Discovery Conference requirements.

**1. The Discovery Conference.** At least 21 calendar days before the status conference scheduled in the summons, the parties shall confer (in person or by telephone) at a "Discovery Conference." Plaintiff shall initiate contact regarding arrangement of the Discovery Conference. Defendant shall cooperate in fixing the time and place of the Discovery Conference. Except to the extent the parties stipulate otherwise, no party shall initiate or conduct any formal discovery prior to the Discovery Conference. The parties may conduct informal discovery.

**2. Settlement.** At the Discovery Conference, the parties shall consider the nature and basis of their claims and defenses and the possibility of an early settlement. The parties shall also discuss ADR options, as required by B.L.R. 9040–3.

**3. Initial Disclosures.** At the Discovery Conference, the parties shall arrange to make the "Initial Disclosures" required by Rule 26(a), without necessity of a formal discovery request. The Disclosures shall be made at or within 14 calendar days after the Discovery Conference. All disclosures shall be in writing, signed by the party or his or her attorney, and served on all other parties.

**4. Discovery Plan.** Unless:

(a) the proceeding is exempt under Rule 26(f);

(b) the proceeding seeks to recover money or property, or except a debt from discharge pursuant to 11 U.S.C. §523(a), of no more than $15,000, excluding interest, attorneys, fees, and costs; or

(c) the parties stipulate to the contrary in a writing filed with the court; the parties shall, at the Discovery Conference, also develop a written Discovery Plan signed by all parties or their counsel, that reflects the parties' views and proposals concerning: (i) what changes, if any, should be made in the timing, form, or requirements of the Initial Disclosures; (ii) the timing, subject matter, and limitations, if any, of discovery to be conducted after the initial disclosures; and (iii) the subject of any orders that the court should enter under Fed.R.Bankr.P. 7016(b) and (c) and 7026(a)(1). The Discovery Plan shall be filed within 14 calendar days after the Discovery Conference.

**5. Pretrial Disclosures.** Notwithstanding Rule 26(a)(3), pretrial disclosures shall be made in accordance with further order of the court.

**6. Service hereof.** The summons, complaint, and this order shall be served by the plaintiff within 10 days of the date of this order. A return or proof of service shall be filed within 5 days after service.
SO ORDERED.

Dated: 10/16/06

For the Court:

Gloria L. Franklin
Clerk of Court
United States Bankruptcy Court

I certify that a copy of this Order was returned to the plaintiff at the time the original summons was issued.

Dated: 10/16/06

Gary Gilbert
Deputy Clerk

**BAE SYSTEMS**

**Bankruptcy Noticing Center**
**2525 Network Place, 3rd Floor**
**Herndon, Virginia 20171-3514**

# CERTIFICATE OF SERVICE

District/off: 0971-3          User: ggilbert          Page 1 of 1                    Date Rcvd: Oct 16, 2006
Case: 06-03164               Form ID: pdfeoapc        Total Served: 6

```
The following entities were served by first class mail on Oct 18, 2006.
ust         +Office of the U.S. Trustee / SF,   Office of the U.S. Trustee,   235 Pine Street,   Suite 700,
             San Francisco, CA 94104-2736
pla         +Andrea A. Wirum,   P.O. Box 1108,   Lafayette, CA 94549-1108
dft          Investment Grade Loans, Inc.,   475 S. San Antonio Road,   Los Altos, CA  94022-3618
dft          John Stevens,   b/a AMP Capital Partners,   510 Waverly Street,   Palo Alto, CA  94301-1720
dft         +Lincoln Trust Company,   717 - 17th Street, #2600,   Denver, CO 80202-3326
dft         +Pensco Trust Company,   c/o Chris Radich,   Agent for Service of Process,
             450 Sansome St., 14th Floor,   San Francisco, CA 94111-3355

The following entities were served by electronic transmission.
NONE.                                                                               TOTAL: 0

           ***** BYPASSED RECIPIENTS *****
NONE.                                                                               TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.

First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Oct 18, 2006                          Signature:       _Joseph Speetjens_

1  Michael E. Stone, State Bar No. 46016
   Leo B. Siegel, State Bar No. 116841
2  LAW OFFICE OF MICHAEL E. STONE
   3425 S. Bascom Avenue, Suite I
3  Campbell, California 95008
   408/377-9899 Telephone
4  408/377-5270 Facsimile

5  Attorneys for Defendants
   Investment Grade Loans, Inc., et al
6

7                    UNITED STATES BANKRUPTCY COURT

8                    NORTHERN DISTRICT OF CALIFORNIA

9                         SAN FRANCISCO DIVISION

10

11  IN RE:                              )        BKCY CASE NO. 04-32952 TEC
                                        )
12  FLETCHER HARTWELL HYLER, aka        )
    BUD H. HYLER,                       )        ADV. NO. 06-03164
13                                      )
                Debtor.                 )
14  ----------------------------------- )        ANSWER TO COMPLAINT
    ANDREA A. WIRUM, TRUSTEE            )
15                                      )
                Plaintiff,              )
16                                      )
    vs.                                 )
17                                      )
    INVESTMENT GRADE LOANS, INC.,       )
18  LINCOLN TRUST COMPANY FBO,          )
    DOUG PICKERING, IRA, CHERN S. LIN,  )
19  FELICIA LIN, JANICE TEMPEY, ROY S.  )
    WOLF, THOMAS C. O'CONNELL, JR.,     )
20  JANICE K. O'GRADY, PENSCO TRUST     )
    COMPANY AS CUSTODIAN FBO JOHN       )
21  A. SNYDER IRA, PENSCO TRUST         )
    COMPANY AS CUSTODIAN FBO PHIL       )
22  AHLFELDT, IRA, AND JOHN STEVENS     )
                                        )
23              Defendants.             )
                                        )
24

25        The Defendants named herein, and each of them, answer the Adversary Complaint filed

26  by Trustee Andrea Wirum as follows:

27  //

28  ANSWER TO COMPLAINT

1.  Answering the allegations in paragraph 1, Defendants admit that this court has subject matter jurisdiction over this case.

2.  Answering the allegations of paragraph 2, Defendants admit that Venue is properly before this Court.

3.  Answering the allegations in paragraph 3, Defendants admit that this is a core proceeding.

4.  Answering the allegations in paragraph 4, Defendants admit that the Debtor's bankruptcy was filed in October of 2004 and that the Court appointed Plaintiff trustee of the estate.

5.  Answering the allegations in paragraph 5, Defendants are also informed and believe, and thereon admit, that Sheryl S. Root Hyler is the wife of Debtor.

6.  Answering the allegations in paragraph 6, Defendants admit that Investment Grade Loans, Inc. is a corporation doing business in the State of California.

7.  Answering the allegations in paragraph 7, Defendants admit that Lincoln Trust Company does business in the State of California.

8.  Answering the allegations in paragraph 8, Defendants admit that Pensco Trust Company does business in the State of California.

9.  Answering the allegations in paragraph 9, Defendants admit that Chern S. Lin, Janice Tempey, Roy S. Wolf, Thomas C. O'Connell, Jr., Janice K. O'Grady, and John Stevens did business in the State of California, in that they invested money in a note executed by Debtor in California and secured by real property located in California.

10.  Answering the allegations in paragraph 10, Defendants admit that the "Lender Defendants" provided the money that was borrowed by Debtor.

11.  Answering the allegations in paragraph 11, Defendants admit the allegations contained in lines 17-22 of said paragraph, and admit the common address of the property that is security; Defendants are informed and believe, however, that said property is not just the residence of Debtor but is also his business office and used for Debtor's business, and based

1  thereon deny the characterization contained in said paragraph.

2      12.    Answering the allegations in paragraph 12, Defendants admit that the involvement

3  of "Lender Defendants" was arranged by Investment Grade Loans acting as their mortgage

4  broker; Defendants allege, however, that the Debtor was represented by his own mortgage broker

5  in the transaction and that it was said broker that "arranged" the Loan Transaction.

6      13.    Answering the allegations in paragraph 13, Defendants admit that the Note is

7  attached as an exhibit to the Complaint and allege that said Note provides what it provides;

8  Defendants therefore deny Plaintiff's characterization of those provisions, to whatever extent

9  they interpret and/or contradict the same.

10      14.    Answering the allegations in paragraph 14, Defendants admit that the Borrower's

11  Settlement Statement is attached as Exhibit "C" and that various disbursements were made from

12  the escrow as directed by Debtor; Defendants deny, however, any characterization made by

13  Plaintiff of those disbursements, and further deny that how Debtor caused the loan to be

14  disbursed has any relevance to the matters herein.

15      15.    Answering the allegations in paragraph 15, Defendants lack sufficient information

16  and belief to adequately answer said allegations, and based thereon deny said allegations.

17      16.    Answering the allegations in paragraph 16, Defendants lack sufficient information

18  and belief to adequately answer said allegations, and based thereon deny said allegations;

19  particularly Defendants deny that they were aware, or consented to, use of any of the loan

20  proceeds by Debtor "for personal expenses".

21      17.    Answering the allegations in paragraph 17, Defendants deny each and every

22  allegation therein, singularly and plurally, and specifically allege that the loan transaction was

23  presented to them as a business loan by Debtor and that it was approved and made as such.

24      18.    Answering the allegations in paragraph 18, Defendants admit that a Proof of

25  Claim was filed and that Exhibit "D" is a copy thereof.

26      19.    Answering the allegations in paragraph 19, Defendants admit that Exhibit "E" is a

27  copy of a letter addressed to Plaintiff's counsel in response to Plaintiff's request.

28

1    20.    Answering the allegations in paragraph 20, Defendants incorporate their answers
2 to paragraphs 1-19, as set forth above.

3    21.    Answering the allegations in paragraph 21, Defendants admit that Investment
4 Grade Loans arranged two or more mortgages in a 12-month period, but deny that they are
5 mortgages referred to in 15 U.S.C.§1602(aa) and deny Plaintiff's legal conclusion that said
6 defendant is a "creditor" as defined in the referenced statutes and regulations.

7    22.    Answering the allegations in paragraph 22, Defendants deny each and every
8 allegation contained therein, singularly and plurally, and particularly deny that the loan
9 transaction was made primarily for personal purposes and was in any way made in violation of
10 the referenced statutes and regulations.

11    23.    Answering the allegations in paragraph 23, Defendants deny each and every
12 allegation contained therein, singularly and plurally, and particularly deny that Investment Grade
13 Loans is liable to Plaintiff in any sum.

14    24.    Answering the allegations in paragraph 24, Defendants incorporate by reference
15 their answers to paragraphs 1-23, inclusive, as set forth above.

16    25.    Answering the allegations in paragraph 25, Defendants deny that the "Lender
17 Defendants" are persons covered by 11 USC§1602(f).

18    26.    Answering the allegations in paragraph 26, Defendants deny that Plaintiff has the
19 right to rescind the Loan Transaction and that there were any violations of the Trust In Lending
20 Act.

21    27.    Answering the allegations in paragraph 27, Defendants admit that Exhibit F was
22 provided to their attorney, but deny the rest of the allegations contained therein, including that
23 Plaintiff had any right to rescind that would be exercised.

24    28.    Answering the allegations in paragraph 28, Defendants deny that the loan
25 transaction has been rescinded by Plaintiff.

26    29.    Answering the allegations in paragraph 29, Defendants deny each and every
27 allegation contained therein, singularly and plurally, and particularly deny that the security

28

1  interest "has become void".

2      30.    Answering the allegations in paragraph 30, Defendants incorporate by reference
3  their answers to paragraphs 1-29, inclusive, as set forth above.

4      31.    Answering the allegations in paragraph 31, Defendants deny each and every
5  allegation contained therein, singularly and plurally, and particularly deny that they are liable to
6  Plaintiff in any amount.

7      32.    Answering the allegations in paragraph 32, Defendants incorporate by reference
8  their answers to paragraphs 1-31, inclusive, as set forth above.

9      33.    Answering the allegations in paragraph 33, Defendants deny each and every
10  allegation contained therein, singularly and plurally, and particularly deny that they are anything
11  other than a secured creditor as set forth in their Claim.

12      34.    As and for their first affirmative defense, Defendants allege that the Complaint
13  herein fails to set forth facts sufficient to constitute a cause of action in favor of Plaintiff.

14      35.    As and for their second affirmative defense, Defendants allege that the claims
15  set forth in the Complaint are barred by the applicable Statute of Limitations.

16      36.    As and for their third affirmative defense, Defendants allege that Plaintiff's
17  claims are barred by the doctrine of laches.

18      37.    As and for their fourth affirmative defense, Defendants allege that the Debtor
19  and his mortgage broker/agent represented to Defendants, in applying for the subject loan, that it
20  was for a business purpose; the representations were relied on by Defendants in making the loan;
21  to the extent that any portion of the loan was intended for personal purposes, as alleged by
22  Plaintiff, said representations were fraud on Defendants and neither Plaintiff nor the Debtor can
23  benefit from said fraud (by the claims made herein by Plaintiff).

24      38.    As and for their fifth affirmative defense, Defendants allege that Plaintiff's claims
25  herein are barred by the equitable doctrines of "unclean hands", "estoppel" and/or " waiver".

26  //

27  //

28  ANSWER TO COMPLAINT                              5

1    Wherefore, Defendants pray that Plaintiff take nothing by way of her Complaint

2    herein, that they recover their attorney's fees and court costs incurred (as provided in the Note),

3    and for such other relief as the Court deems just and proper.

4

5    Dated: November 30, 2006                  LAW OFFICES OF MICHAEL E. STONE

6

7                                             /s/ Michael E. Stone

8                                             MICHAEL E. STONE, Attorney for Defendants
                                             Investment Grade Loans, Inc., et al
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   ANSWER TO COMPLAINT                        6



1   Michael E. Stone, State Bar No. 46016
    Leo B. Siegel, State Bar No. 116841
2   LAW OFFICE OF MICHAEL E. STONE
    3425 S. Bascom Avenue, Suite I
3   Campbell, California 95008
    408/377-9899 Telephone
4   408/377-5270 Facsimile

5   Attorneys for Defendants
    Investment Grade Loans, Inc., et al
6

7               UNITED STATES BANKRUPTCY COURT

8              NORTHERN DISTRICT OF CALIFORNIA

9                SAN FRANCISCO DIVISION

10

11   IN RE:                    )         BKCY CASE NO. 04-32952 TEC
                          )
12   FLETCHER HARTWELL HYLER, aka  )
    BUD H. HYLER,            )         ADV. NO. 06-03164
13                     )
          Debtor.         )
14   ├──────────────────────)        CERTIFICATE OF SERVICE
    ANDREA A. WIRUM, TRUSTEE    )
15                     )
         Plaintiff,        )
16                     )
    vs.                 )
17                     )
    INVESTMENT GRADE LOANS, INC.,  )
18   LINCOLN TRUST COMPANY FBO,    )
    DOUG PICKERING, IRA, CHERN S. LIN, )
19   FELICIA LIN, JANICE TEMPEY, ROY S. )
    WOLF, THOMAS C. O'CONNELL, JR.,  )
20   JANICE K. O'GRADY, PENSCO TRUST  )
    COMPANY AS CUSTODIAN FBO JOHN )
21   A. SNYDER IRA, PENSCO TRUST    )
    COMPANY AS CUSTODIAN FBO PHIL  )
22   AHLFELDT, IRA, AND JOHN STEVENS  )
                    )
23          Defendants.    )
    ├──────────────────────)
24   //

25   //

26   //

27   //

28

1   I, Tracy Duarte, declare that I am a citizen of the United States, that I have attained the

2 age of majority, and that I am not a party to this action. My business address is 3425 South

3 Bascom Avenue, Suite I, Campbell, California 95008. I am familiar with the firm's practice of

4 collection and processing of correspondence to be deposited for delivery via the U.S. Postal

5 Service as well as other methods used for delivery of correspondence. On the below stated date,

6 in the manner indicated, I caused the within document(s) entitled:

7 ANSWER TO COMPLAINT

8 to be served on the party(ies) or their (its) attorney(s) of record in this action via:
  **X** **(By Mail) I caused each envelope (with postage affixed thereto) to be placed**
9    **in the U.S. Mail at Campbell, California; and,**

10
 addressed as follows:
11
 Terrance L. Stinnett, Esq.
12 GOLDBERG, STINNETT, MEYERS & DAVIS
 44 Montgomery St., Ste. 2900
13 San Francisco, CA 94104

14

15   I declare under penalty of perjury under the laws of the State of California that the

16 foregoing is true and correct.
17
   Executed on November 30, 2006, executed at Campbell, California.
18

19         /s/ Tracy Duarte
20         TRACY DUARTE

21

22

23

24

25

26

27

28        2

GOLDBERG, STINNETT, MEYERS & DAVIS
A Professional Corporation
DANIEL M. LINCHEY, ESQ. CA Bar #111739
YOSHIE VALADEZ, ESQ. CA Bar #212994
44 Montgomery Street, Suite 2900
San Francisco, CA 94104
Telephone: (415) 362-5045
Facsimile: (415) 362-2392

Attorneys for Plaintiff Andrea A. Wirum, Trustee

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>FLETCHER HARTWELL HYLER, aka<br>BUD H. HYLER,<br><br>Debtor. | Case No. 04-32952-TEC<br><br>Under Chapter 11 |
| ANDREA A. WIRUM, TRUSTEE,<br><br>Plaintiff,<br><br>vs.<br><br>INVESTMENT GRADE LOANS, INC.,<br>LINCOLN TRUST COMPANY AS<br>CUSTODIAN FBO DOUG PICKERING,<br>IRA, CHERN S. LIN, FELICIA LIN,<br>JANICE TEMPEY, ROY S. WOLF,<br>THOMAS C. O'CONNELL, JR., JANICE<br>K. O'GRADY, PENSCO TRUST<br>COMPANY AS CUSTODIAN FBO JOHN<br>A. SNYDER IRA, PENSCO TRUST<br>COMPANY AS CUSTODIAN FBO PHIL<br>AHLFELDT, IRA, AND JOHN STEVENS,<br><br>Defendants. | A.P. No. 06-03164<br><br>Date:    December 21, 2006<br>Time:    10:00 a.m.<br>Place:    U.S. Bankruptcy Court<br>            235 Pine Street, Ctrm. 23<br>            San Francisco, CA 94104<br>Judge:  Honorable Thomas E. Carlson |

## JOINT DISCOVERY PLAN

Plaintiff Andrea A. Wirum ("Plaintiff"), as trustee of the chapter 7 estate of Fletcher Hartwell

Hyler, aka Bud H. Hyler ("Debtor"), and defendants Investment Grade Loans, Inc., Lincoln Trust

-1-

1  Company as Custodian FBO Douglas Pickering, IRA, Chern S. Lin, Felicia Lin, Janice Tempey, Roy

2  S. Wolf, Thomas C. O'Connell, Jr., Janice K. O'Grady, Pensco Trust Company as Custodian FBO

3  John A. Snyder, IRA, Pensco Trust Company as Custodian FBO Phil Ahlfeldt, IRA, and John

4  Stevens ("Defendants") (collectively, the "Parties"), by and through their respective counsel, hereby

5  jointly propose to the Court the following discovery plan, pursuant to the Court's Order Re Initial

6  Disclosures And Discovery Conference entered on October 16, 2006, as follows:

7      A.    Changes to be Made to Timing, Form or Requirements of Initial Disclosures.

8      The Parties agree that no changes shall be made to the timing, form or requirements of the

9  initial disclosures, as set forth in Rule 26(a)(1) of the Federal Rules of Civil Procedure ("FRCP"),

10  made applicable to this adversary proceeding by Rule 7026 of the Federal Rules of Bankruptcy

11  Procedure ("FRBP"), except that the Parties need not identify any expert witnesses at this time.

12  Subject to the foregoing, the Parties agree to serve their initial disclosures with copies of relevant

13  documents on each other's opposing counsel no later than December 28, 2006.

14      B.    Timing, Subject Matter and Limitations of Discovery.

15      Subject to Court approval, the Parties propose the following with respect to discovery:

16          1.    Timing of Non-Expert Discovery

17      All non-expert written discovery, consisting of interrogatories, document requests, and

18  requests for admissions, and all non-expert depositions shall be completed by May 31, 2007.

19          2.    Timing of Expert Witness Identification and Expert Discovery

20      Identification of all expert witnesses, including name, qualification and a short

21  description of expected testimony, and the exchange of any expert reports, shall be made by

22  April 16, 2007. All expert discovery, including expert depositions, shall be completed by

23  May 31, 2007.

24          3.    Subject Matter

25      The subject matter of discovery to be conducted includes, but is not limited to, all issues

26  relating to whether Defendants violated the provisions of the Truth in Lending Act, 15 U.S.C. § 1601

27  *et seq.*, including whether the subject loan was made by the Defendants to the Debtor primarily for

28  business purposes.

LAW OFFICES
GOLDBERG, STINNETT, MEYERS & DAVIS
A PROFESSIONAL CORPORATION
44 MONTGOMERY STREET, SUITE 2900
SAN FRANCISCO, CALIFORNIA 94104

4.    Limitations of Discovery

The Parties agree that no modifications or changes shall be made to the FRCP and FRBP with respect to discovery and that discovery shall also be subject to Bankruptcy Local Rules for the United States District Court for the Northern District of California.

C.    Subject of Orders Entered by the Court.

The Parties believe the Court should enter an order, pursuant to FRCP 16(b), made applicable to this adversary proceeding by FRBP 7016, covering the following subjects:

1.    Discovery Cut-Off Date

The Parties believe the Court should enter an order setting the non-expert and expert discovery cut-off dates consistent with their proposal hereinabove.    However, the aforementioned discovery cut-off dates may be subject to modification pursuant to the Parties' agreement.

2.    Motion Deadline

The Parties believe that the Court should enter an order setting the deadline for hearing dispositive motions, including motions for summary judgment, no later than July 16, 2007.

3.    Status And Trial Setting Conference

The Parties believe that the Court should enter an order setting a trial date on or about September 17, 2007.  The Parties estimate a two day trial.

The Parties agree to the foregoing Joint Discovery Plan.

Dated: December 13, 2006

GOLDBERG, STINNETT, MEYERS & DAVIS
A Professional Corporation


By:    /s/ Daniel M. Linchey
Daniel M. Linchey, Esq.
Attorneys for Plaintiff
Andrea A. Wirum, Trustee

JOINT DISCOVERY PLAN
108973.DOC

LAW OFFICES
GOLDBERG, STINNETT, MEYERS & DAVIS
A PROFESSIONAL CORPORATION
44 MONTGOMERY STREET, SUITE 2900
SAN FRANCISCO, CALIFORNIA  94104

Dated: December 13, 2006

LAW OFFICES OF MICHAEL E. STONE

By:    /s/ Michael E. Stone
       Michael E. Stone, Esq.
       Attorneys for Defendants
       Investment Grade Loans, Inc., Lincoln Trust
       Company as Custodian FBO Doug Pickering,
       IRA, Chern S. Lin, Felicia Lin, Janice Tempey,
       Roy S. Wolf, Thomas C. O'Connell, Jr., Janice
       K. O'Grady, Pensco Trust Company as
       Custodian FBO John A. Snyder, IRA, Pensco
       Trust Company as Custodian FBO Phil Ahlfeldt,
       IRA, and John Stevens

LAW OFFICES
GOLDBERG, STINNETT, MEYERS & DAVIS
A PROFESSIONAL CORPORATION
44 MONTGOMERY STREET, SUITE 2900
SAN FRANCISCO, CALIFORNIA 94104

-4-

JOINT DISCOVERY PLAN
108973.DOC

1 GOLDBERG, STINNETT, MEYERS & DAVIS
  A Professional Corporation
2 DANIEL M. LINCHEY, ESQ. CA Bar #111739
  YOSHIE VALADEZ, ESQ. CA Bar #212994
3 44 Montgomery Street, Suite 2900
  San Francisco, CA 94104
4 Telephone: (415) 362-5045
  Facsimile: (415) 362-2392
5
  Attorneys for Plaintiff Andrea A. Wirum, Trustee
6

7                IN THE UNITED STATES BANKRUPTCY COURT
8
                FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
                        SAN FRANCISCO DIVISION
10

11
   In re:                                    Case No. 04-32952-TEC
12
   FLETCHER HARTWELL HYLER, aka              Under Chapter 11
13 BUD H. HYLER,

14              Debtor.

15

16 ANDREA A. WIRUM, TRUSTEE,                 A.P. No. 06-03164

17              Plaintiff,

18 vs.

19 INVESTMENT GRADE LOANS, INC.,
   LINCOLN TRUST COMPANY AS
20 CUSTODIAN FBO DOUG PICKERING,
   IRA, CHERN S. LIN, FELICIA LIN,
21 JANICE TEMPEY, ROY S. WOLF,
   THOMAS C. O'CONNELL, JR., JANICE K.
22 O'GRADY, PENSCO TRUST COMPANY
   AS CUSTODIAN FBO JOHN A. SNYDER
23 IRA, PENSCO TRUST COMPANY AS
   CUSTODIAN FBO PHIL AHLFELDT, IRA,
24 AND JOHN STEVENS,

25              Defendants.

26

27         **CERTIFICATE OF SERVICE BY FIRST CLASS MAIL**

28     I, the undersigned, state that I am employed in the City and County of San Francisco, State of

-1-

CERTIFICATE OF SERVICE BY FIRST CLASS MAIL
108997.DOC

LAW OFFICES
GOLDBERG, STINNETT, MEYERS & DAVIS
A PROFESSIONAL CORPORATION
44 MONTGOMERY STREET, SUITE 2900
SAN FRANCISCO, CALIFORNIA 94104

1  California, in the office of a member of the bar of this Court, at whose direction the service was

2  made; that I am over the age of eighteen years and not a party to the within action; that my business

3  address is 44 Montgomery Street, Suite 2900, San Francisco, California 94104-4789; that on the date

4  set out below, I served a copy of the following:

5

**JOINT DISCOVERY PLAN**

6  on each party listed below by placing such a copy, enclosed in a sealed envelope with first class

7  postage thereon affixed, in a United States Postal Service mailbox at San Francisco, California,

8  addressed to each party listed below.

9  I declare under penalty of perjury that the foregoing is true and correct.   Executed at

10  San Francisco, California, on December 13, 2006.

11

12  _____/s/ Yoshie Valadez_____

13

14  Michael E. Stone, Esq.
Law Offices of Michael E. Stone
15  3425 S. Bascom Ave., Suite I
Campbell, CA 95008
16  (Attorneys for Defendants)

17  Office of the United States Trustee
San Francisco Division
18  235 Pine Street, Suite 700
San Francisco, CA 94104-3401
19

20

21

22

23

24

25

26

27

28

-2-

CERTIFICATE OF SERVICE BY FIRST CLASS MAIL
108997.DOC

**Entered on Docket**
**March 09, 2007**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**Signed: March 09, 2007**

_____

**RANDALL J. NEWSOME**
**U.S. Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re Fletcher Hartwell Hyler,<br><br>Debtor.<br><br>_____<br><br>Andrea A. Wirum, Trustee,<br><br>Plaintiff,<br>v.<br><br>Investment Grade Loans, Inc., Lincoln Trust Company, FBO Doug Pickering, IRA, Chern S. Lin, Felicia Lin, Janice Tempey, Roy S. Wolf, Thomas C. O'Connell, Jr., Janice K. O'Grady, Pensco Trust Company, as Custodian FBO John A. Snyder IRA, and as Custodian FBO Phil Ahlfeldt, IRA, and John Stevens,<br><br>Defendants. | Case No. 04-32952 TEC<br>Chapter 11<br><br><br><br><br>Adv. Pro. 06-3164 |

## ORDER ESTABLISHING PROCEDURES FOR JUDICIAL SETTLEMENT CONFERENCE

Pursuant to the request of the parties, a settlement conference in the above-captioned

adversary proceeding is hereby scheduled for **March 30, 2007 at 9:30 a.m.** before the Honorable

Randall J. Newsome, at the United States Bankruptcy Court for the Northern District of California,

1300 Clay Street, Courtroom 220, Oakland, California.

**Each party shall serve upon the other parties and by no later than 2:00 p.m. on March**

1  **23, 2007 LODGE with chambers, DO NOT FILE WITH THE CLERK'S OFFICE, a**

2  **Settlement Conference Statement of no longer than 10 pages in length, excluding exhibits.**

3  **Chambers is located at 1300 Clay Street, Courtroom 220, Oakland, California.**

4     Subject to restrictions on document size, the Settlement Conference Statement may be

5  **LODGED** via an e-mail attachment in a PDF, WordPerfect or MS Word format sent to

6  laura_lee@canb.uscourts.gov or to ron_mastroianni@canb.uscourts.gov.  Such e-mail address may

7  be utilized only to **LODGE** a Settlement Conference Statement and may not be utilized to

8  communicate with the Court regarding this or any other matter.  Contact chambers at 510-879-3530

9  or 510-879-3532 **at least one day in advance of the lodging deadline** to make arrangements to

10  **LODGE** a Settlement Conference Statement.

11     The Settlement Conference Statement shall set forth in the upper right hand corner:

12  **"CONFIDENTIAL - NOT TO BE FILED PURSUANT TO ORDER OF THE COURT -**

13  **LODGE WITH THE CHAMBERS OF JUDGE NEWSOME."**

14     The Settlement Conference Statement shall contain information which would be helpful to

15  the settlement judge, including:

16     (a)  A brief statement of the facts specifying those facts upon which the parties agree and the

17     major facts in dispute;

18     (b)  A brief statement of the claims and defenses, with citation of particular statutory or other

19     authority which is controlling in the matter;

20     (c)  The specific relief sought;

21     (d)  An estimate of the cost and time to be expended for further discovery, pretrial and trial;

22     (e)  The history of past settlement discussions, including disclosure of prior and any

23     presently outstanding offers and demands;

24     (f)  Any presently scheduled dates for a further status conference, pretrial conference or for

25     trial; and

26     (g)  Copies of any governing contracts or other documents which are central to the case.

27     Counsel should be prepared to present orally to the settlement judge a forthright evaluation

28                                    2

of the likelihood of prevailing on claims and defenses. Counsel who will participate in the trial of the matter must be present at the settlement conference. **The person or persons having full AND UNLIMITED authority to settle the matter shall appear in person at the settlement conference unless excused for good cause shown on written application received by the settlement judge no later than March 23, 2007 at 2:00 p.m, and the Court grants such application.**

**Participation in the settlement conference by or on behalf of a person or entity other than a party as stated on the service list attached hereto, is within the sole discretion of the settlement judge. A request for such non-party participation must be served upon the other parties and a copy lodged with Judge Newsome's chambers by no later than March 16, 2007 at 2:00 p.m. Any opposition to such request must be served upon the other parties and lodged with chambers by March 23, 2007 at 2:00 p.m.** Contact chambers at 510-879-3530 or 510-879-3532 to make arrangements to lodge such pleadings. **Such additional participants shall fully comply with this _Order_.**

The settlement conference will not conclude absent leave of the settlement judge, who may continue the conference from time to time at the judge's discretion. The settlement judge may issue any order deemed appropriate to facilitate settlement or the expeditious resolution of the dispute. The parties must make a good faith attempt to settle the matter before the settlement conference. Failure to comply with the terms and spirit of this order may lead to the imposition of sanctions under Bankruptcy Rule 7016 and Fed.R.Civ.P. 16(f).

**IT IS SO ORDERED.**

\*\*END OF ORDER\*\*

3

COURT SERVICE LIST

**Attorney For Plaintiff: Andrea A. Wirum, Trustee:**

Daniel M. Linchey
Yoshie Valdez
Goldberg, Stinnett, Meyers and Davis
44 Montgomery St. #2900
San Francisco, CA 94104

**Attorney For Defendants: Investment Grade Loans, Inc., Lincoln Trust Company, FBO Doug Pickering, IRA, Chern S. Lin, Felicia Lin, Janice Tempey, Roy S. Wolf, Thomas C. O'Connell, Jr., Janice K. O'Grady, Pensco Trust Company, as Custodian FBO John A. Snyder IRA, and as Custodian FBO Phil Ahlfeldt, IRA, and John Stevens:**

Michael E. Stone
Law Offices of Michael E. Stone
3425 S Bascom Ave. Ste. 1
Campbell, CA 95008

**Attorney for Debtor:**

Peter L. Isola
Davis, Wright and Tremaine
505 Montgomery St. #800
San Francisco, CA 94111-6533

4

**Entered on Docket**
**March 09, 2007**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**Signed: March 09, 2007**

Randall X Newsome

**RANDALL J. NEWSOME**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re Fletcher Hartwell Hyler, | ) )  |
| Debtor. | ) ) ) Case No. 04-32952 TEC ) Chapter 11 |
| | ) |
| Andrea A. Wirum, Trustee, | ) ) |
| Plaintiff, | ) ) |
| v. | ) Adv. Pro. 06-3164 |
| | ) ) |
| Investment Grade Loans, Inc., Lincoln Trust Company, FBO Doug Pickering, IRA, Chern S. Lin, Felicia Lin, Janice Tempey, Roy S. Wolf, Thomas C. O'Connell, Jr., Janice K. O'Grady, Pensco Trust Company, as Custodian FBO John A. Snyder IRA, and as Custodian FBO Phil Ahlfeldt, IRA, and John Stevens, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## ORDER ESTABLISHING PROCEDURES FOR JUDICIAL
## SETTLEMENT CONFERENCE

Pursuant to the request of the parties, a settlement conference in the above-captioned

adversary proceeding is hereby scheduled for **March 30, 2007 at 9:30 a.m.** before the Honorable

Randall J. Newsome, at the United States Bankruptcy Court for the Northern District of California,

1300 Clay Street, Courtroom 220, Oakland, California.

**Each party shall serve upon the other parties and by no later than 2:00 p.m. on March**

United States Bankruptcy Court

Northern District of California

1  **23, 2007 LODGE with chambers, DO NOT FILE WITH THE CLERK'S OFFICE, a**

2  **Settlement Conference Statement of no longer than 10 pages in length, excluding exhibits.**

3  **Chambers is located at 1300 Clay Street, Courtroom 220, Oakland, California.**

4        Subject to restrictions on document size, the Settlement Conference Statement may be

5  **LODGED** via an e-mail attachment in a PDF, WordPerfect or MS Word format sent to

6  laura_lee@canb.uscourts.gov or to ron_mastroianni@canb.uscourts.gov.  Such e-mail address may

7  be utilized only to **LODGE** a Settlement Conference Statement and may not be utilized to

8  communicate with the Court regarding this or any other matter.  Contact chambers at 510-879-3530

9  or 510-879-3532 **at least one day in advance of the lodging deadline** to make arrangements to

10 **LODGE** a Settlement Conference Statement.

11        The Settlement Conference Statement shall set forth in the upper right hand corner:

12 **"CONFIDENTIAL - NOT TO BE FILED PURSUANT TO ORDER OF THE COURT -**

13 **LODGE WITH THE CHAMBERS OF JUDGE NEWSOME."**

14        The Settlement Conference Statement shall contain information which would be helpful to

15 the settlement judge, including:

16        (a)  A brief statement of the facts specifying those facts upon which the parties agree and the

17        major facts in dispute;

18        (b)  A brief statement of the claims and defenses, with citation of particular statutory or other

19        authority which is controlling in the matter;

20        (c)  The specific relief sought;

21        (d)  An estimate of the cost and time to be expended for further discovery, pretrial and trial;

22        (e)  The history of past settlement discussions, including disclosure of prior and any

23        presently outstanding offers and demands;

24        (f)  Any presently scheduled dates for a further status conference, pretrial conference or for

25        trial; and

26        (g)  Copies of any governing contracts or other documents which are central to the case.

27        Counsel should be prepared to present orally to the settlement judge a forthright evaluation

28                                                          2

1    of the likelihood of prevailing on claims and defenses. Counsel who will participate in the trial of

2    the matter must be present at the settlement conference. **The person or persons having full AND**

3    **UNLIMITED authority to settle the matter shall appear in person at the settlement conference**

4    **unless excused for good cause shown on written application received by the settlement judge**

5    **no later than March 23, 2007 at 2:00 p.m, and the Court grants such application.**

6         **Participation in the settlement conference by or on behalf of a person or entity other**

7    **than a party as stated on the service list attached hereto, is within the sole discretion of the**

8    **settlement judge. A request for such non-party participation must be served upon the other**

9    **parties and a copy lodged with Judge Newsome's chambers by no later than March 16, 2007 at**

10    **2:00 p.m. Any opposition to such request must be served upon the other parties and lodged**

11    **with chambers by March 23, 2007 at 2:00 p.m.** Contact chambers at 510-879-3530 or 510-879-

12    3532 to make arrangements to lodge such pleadings. **Such additional participants shall fully**

13    **comply with this *Order*.**

14         The settlement conference will not conclude absent leave of the settlement judge, who may

15    continue the conference from time to time at the judge's discretion. The settlement judge may issue

16    any order deemed appropriate to facilitate settlement or the expeditious resolution of the dispute.

17    The parties must make a good faith attempt to settle the matter before the settlement conference.

18    Failure to comply with the terms and spirit of this order may lead to the imposition of sanctions

19    under Bankruptcy Rule 7016 and Fed.R.Civ.P. 16(f).

20         **IT IS SO ORDERED.**

                              \*\*END OF ORDER\*\*

21

22

23

24

25

26

27

28                                  3

1     COURT SERVICE LIST

2

3   **Attorney For Plaintiff: Andrea A. Wirum, Trustee:**

4   Daniel M. Linchey
    Yoshie Valdez
5   Goldberg, Stinnett, Meyers and Davis
    44 Montgomery St. #2900
6   San Francisco, CA 94104

7   **Attorney For Defendants: Investment Grade Loans, Inc., Lincoln Trust Company, FBO Doug
    Pickering, IRA, Chern S. Lin, Felicia Lin, Janice Tempey, Roy S. Wolf, Thomas C. O'Connell,
8   Jr., Janice K. O'Grady, Pensco Trust Company, as Custodian FBO John A. Snyder IRA, and
    as Custodian FBO Phil Ahlfeldt, IRA, and John Stevens:**

9
    Michael E. Stone
10  Law Offices of Michael E. Stone
    3425 S Bascom Ave. Ste. 1
11  Campbell, CA 95008

12  **Attorney for Debtor**:

13  Peter L. Isola
    Davis, Wright and Tremaine
14  505 Montgomery St. #800
    San Francisco, CA 94111-6533

15

16

17

18

19

20

21

22

23

24

25

26

27

28                            4

**BAE SYSTEMS**

**Bankruptcy Noticing Center**
**2525 Network Place, 3rd Floor**
**Herndon, Virginia 20171-3514**

# CERTIFICATE OF SERVICE

District/off: 0971-3          User: dchambers          Page 1 of 1              Date Rcvd: Mar 09, 2007
Case: 06-03164               Form ID: pdfeoc           Total Served: 1

The following entities were served by first class mail on Mar 11, 2007.
          Peter L. Isola,    Davis, Wright and Tremaine,   505 Montgomery St. #800,
          San Francsico, CA  94111-6533

The following entities were served by electronic transmission.
NONE.                                                                              TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                              TOTAL: 0

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Mar 11, 2007**                          **Signature:**

1

1              UNITED STATES BANKRUPTCY COURT

2              NORTHERN DISTRICT OF CALIFORNIA

3                  (SAN FRANCISCO DIVISION)

4

5   In re:

6   FLETCHER HARTWELL HYLER, aka        Case No. 04-32952-TEC
    BUD H. HYLER,
7                                       Chapter 11

8                                       San Francisco,California
                                        June 1, 2007
9                                       9:53 a.m.
              Debtor.
10   _____/

11  ANDREA A. WIRUM, Trustee,

12          Plaintiff,

13     v.                              A.P. No. 06-3164

14  INVESTMENT GRADE LOANS, INC.,
    et al.,
15
              Defendants.
16   _____/

17

18                  TRANSCRIPT OF PROCEEDINGS
        1.   TRUSTEE'S MOTION TO APPROVE SETTLEMENT WITH IGL
19      2.   TRUSTEE'S MOTION TO CONVERT CASE TO CHAPTER 7
            3.   MOTION TO WITHDRAW AS COUNSEL FOR DEBTOR
20
            IN RE: WIRUM V. INVESTMENT GRADE LOANS
21                      STATUS CONFERENCE

22
            BEFORE THE HONORABLE THOMAS E. CARLSON
23              UNITED STATES BANKRUPTCY JUDGE

24

25

2

1 | APPEARANCES:

2

  | For the Plaintiff:      GOLDBERG, STINNETT, MEYERS & DAVIS
3 |                         BY: DANIEL M. LINCHEY, ESQ.
  |                         44 Montgomery Street, Suite 2900
4 |                         San Francisco, California 94104

5

6 | For the Debtor:         DAVIS, WRIGHT and TREMAINE
  |                         BY: PETER L. ISOLA, ESQ.
7 |                         505 Montgomery Street, Suite 800
  |                         San Francisco, California 94111
8

9

  | For Sheryl Root-Hyler:  TERRA LAW, LLP
10|                         BY: MARTIN D. DIOLI, ESQ.
  |                         177 Park Avenue, 3rd Floor
11|                         San Jose, California 95113

12

13

  | Also Present:           FLETCHER HARTWELL HYLER
14|                         ANDREA WIRUM

15

16

  | Court Recorder:         JANE GALVANI
17|                         UNITED STATES BANKRUPTCY COURT
  |                         235 Pine Street
18|                         San Francisco, California 94104

19

20

  | Transcription Service:  Jo McCall
21|                         Electronic Court
  |                         Recording/Transcribing
22|                         2868 E. Clifton Court
  |                         Gilbert, Arizona 85297
23|                         Telephone: (480)361-3790

24

25

3

1           P R O C E E D I N G S

2  June 1, 2007                              9:53 a.m.

3                         ----oOo----

4           THE CLERK: Lines numbers 8 and 9, in the matter

5  of <u>Fletcher Hartwell Hyler and Wirum versus Investment</u>

6  <u>Grade Loans.</u>

7           MR. ISOLA: Good morning, Your Honor, Peter Isola

8  of Davis, Wright and Tremaine for the Debtor. One of the

9  matters scheduled for this morning is the continued hearing

10  on my motion to withdraw as counsel. So Mr. Hyler, the

11  Debtor, is also present in the courtroom this morning.

12           THE COURT: Okay.

13           MR. LINCHEY: Good morning, Your Honor, Daniel

14  Linchey, Goldberg, Stinnett, Meyers and Davis, on behalf of

15  the Trustee, and the Trustee Andrea Wirum is also present,

16  Your Honor.

17           MR. DIOLI: Good morning, Your Honor, Martin Dioli

18  of Terra Law on behalf of Sheryl Root-Hyler.

19           THE COURT: I'm sorry, could you state your name

20  and the client again, please?

21           MR. DIOLI: Martin Dioli for Sheryl Root-Hyler,

22  the Debtor's wife.

23           THE COURT: Okay. Let me ask a couple of

24  questions. Among other things, in the opposition, the

25  Debtor suggested that the Debtor was willing to basically

4

1   pay more than IGL to the estate to take over the estate's
2   position in this litigation.

3       MR. LINCHEY: That's correct, Your Honor, and
4   yesterday afternoon, I received from Mr. Isola an offer to
5   do that.  Thereafter, I talked to Mr. Isola and told him
6   that if the Debtor was serious about that, we request that
7   he appear this morning with good funds showing that he
8   could actually perform.  We haven't seen any of that, but
9   Mr. Isola told me this morning that Mr. Hyler could have
10  good funds within 30 minutes, is my understanding.

11      THE COURT: Okay.  Well, let me ask this.  I know
12  you've negotiated a settlement with IGL, and it's your
13  obligation to try and -- to petition the Court for approval
14  of that settlement, and I understand -- I think the
15  settlement, which is based on the determination as I
16  understand it that the estate will not be able to recover
17  value from this property because you've been unable to sell
18  it at an appropriate price or sufficient price to take care
19  of all the liens and the capital gains.

20      MR. LINCHEY: Correct, Your Honor.

21      THE COURT: The history suggests that it's not
22  moving well.

23      MR. LINCHEY: There have been no offers.

24      THE COURT: And that -- thus, the economic value
25  in this lawsuit to the estate is the ability to recover