# EXHIBIT "D"

1  SUSAN J. BAYERD (SBN 099290)
   GREENE, CHAUVEL, DESCALSO & MINOLETTI
2  155 BOVET ROAD, SUITE 780,
   SAN MATEO, CALIFORNIA 94402
3  TELEPHONE: 650-573-9500
   FACSIMILE: 650-573-9689
4
5  Attorneys for plaintiffs
   Fletcher Hartwell Hyler and Sheryl
6  Root Hyler

**FILED**
SAN MATEO COUNTY

DEC 18 2007

Clerk of the Superior Court
By _____
   DEPUTY CLERK

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN MATEO

(Unlimited Jurisdiction)

| | |
|---|---|
| FLETCHER HARTWELL HYLER AND SHERYL ROOT HYLER,<br><br>Plaintiff,<br><br>v.<br><br>INVESTMENT GRADE LOANS, INC., LINCOLN TRUST COMPANY FBO DOUG PICKERING IRA; CHERN S. LIN; FELICIA LIN; JANICE TEMPEY; ROY S. WOLF; THOMAS C. O'CONNELL, JR.; JANICE K. O'GRADY, PENSCO TRUST COMPANY AS CUSTODIAN FBO JOHN A. SNYDER IRA; PENSCO TRUST COMPANY AS CUSTODIAN FBO PHIL AHLFELDT IRA; AND JOHN STEVENS, et. al; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. **CIV468586**<br><br>COMPLAINT FOR BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH, FRAUD AND DECEIT, NEGLIGENT MISREPRESENTATION AND DECLARATORY RELIEF (VERIFIED)<br><br>**BY FAX** |

## INTRODUCTION

COME NOW Plaintiffs Fletcher Hartwell Hyler and Sheryl Root Hyler ("Plaintiffs"), and, as a cause of action against Defendants, and each of them, alleges as follows:

## FACTS COMMON TO ALL CAUSES OF ACTION

1. Plaintiffs are individuals residing in the State of California.

2. Plaintiffs were until recently the record owners of real property at 5070 Alpine Road, Portola Valley, California (the "home").

1

```
 1  SUSAN J. BAYERD (SBN 099290)
    GREENE, CHAUVEL, DESCALSO & MINOLETTI
 2  155 BOVET ROAD, SUITE 780,
    SAN MATEO, CALIFORNIA 94402
 3  TELEPHONE: 650-573-9500
    FACSIMILE: 650-573-9689
 4
 5  Attorneys for plaintiffs
    Fletcher Hartwell Hyler and Sheryl
 6  Root Hyler
 7
```

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN MATEO

(Unlimited Jurisdiction)

| | |
|---|---|
| FLETCHER HARTWELL HYLER AND SHERYL ROOT HYLER, <br><br> Plaintiff, <br><br> v. <br><br> INVESTMENT GRADE LOANS, INC., LINCOLN TRUST COMPANY FBO DOUG PICKERING IRA, CHERN S. LIN; FELICIA LIN; JANICE TEMPEY; ROY S. WOLF; THOMAS C. O'CONNELL, JR.; JANICE K. O'GRADY, PENSCO TRUST COMPANY AS CUSTODIAN FBO JOHN A. SNYDER IRA; PENSCO TRUST COMPANY AS CUSTODIAN FBO PHIL AHLFELDT IRA; AND JOHN STEVENS, et. al; and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO. |

## INTRODUCTION

COME NOW Plaintiffs Fletcher Hartwell Hyler and Sheryl Root Hyler ("Plaintiffs"), and, as a cause of action against Defendants, and each of them, alleges as follows:

## FACTS COMMON TO ALL CAUSES OF ACTION

1. Plaintiffs are individuals residing in the State of California.

2. Plaintiffs were until recently the record owners of real property at 5070 Alpine Road, Portola Valley, California (the "home").

1

3. As part of a settlement agreement in a Federal Court lawsuit (the "TILA lawsuit"), Plaintiffs gave up ownership of the home with the opportunity to regain ownership within 60 days. A true and correct copy of the agreement is attached hereto as Exhibit "A" (the "Agreement").

4. Prior to the expiration of the 60 day period, Plaintiffs are informed and believe and thereon allege that their loan broker and two title companies were apparently informed that Plaintiffs no longer owned the property.

5. Plaintiffs were thus unable to obtain financing to redeem their home.

6. Plaintiffs are informed and believe and thereon allege that prior to the expiration of the time for redemption of the home as Plaintiffs' loan broker, Justin Cozart, was informed by a representative of Defendants, (possibly Defendants' lawyer Michael Stone) that title was no longer resident in Plaintiffs. While technically true, such action defeated the very reason for the agreement—to permit Plaintiffs to regain title to their home.

7. Had Defendants not committed the acts alleged herein, Plaintiffs would have redeemed the home and would at this time be owners thereof.

8. Plaintiffs are informed and believe and thereon allege that Investment Grade Loans, Inc. is a corporation organized under the laws of the State of California.

9. Plaintiffs are informed and believe and thereon allege that Lincoln Trust Company is a business entity of form unknown.

10. Plaintiffs are informed and believe and thereon allege that Chern S. Lin is an individual.

11. Plaintiffs are informed and believe and thereon allege that Felicia Lin is an individual.

12. Plaintiffs are informed and believe and thereon allege that Janice Tempey is an individual.

13. Plaintiffs are informed and believe and thereon allege that Roy S. Wolf is an individual.

14. Plaintiffs are informed and believe and thereon allege that Thomas C. O'Connell, Jr. is an individual.

15. Plaintiffs are informed and believe and thereon allege that Janice O'Grady is an individual.

16. Plaintiffs are informed and believe and thereon allege that Pensco Trust Company is a business entity of form unknown.

17. Plaintiffs are informed and believe and thereon allege that John Stevens is an individual

18. Plaintiffs are informed and believe, and on that basis allege, that at all times herein mentioned each of the defendants referred to herein (collectively, "Defendants"), including each fictitiously named defendant, was the agent, servant, employee and/or joint venturer of each of the other defendants, and was at all times acting within the course, purpose, scope and authority of said agency, employment and/or venture, and with the permission and consent of the other defendants with respect to the acts, occurrences and/or omissions alleged herein, Plaintiff is further informed and believes, and on that basis alleges, that each act, occurrence and/or omission alleged, whether by named defendant or fictitiously named defendant, was authorized or ratified by each and every other defendant herein.

19. The true names and capacities, whether corporate, associate, individual or otherwise, of defendants Doe One to Ten, inclusive, are unknown to Plaintiffs, who therefore sue said defendants by such fictitious names and Plaintiffs will ask leave to amend this Complaint to set forth their true names and capacities when the same are ascertained.

### FIRST CAUSE OF ACTION
(Breach of Contract—All Defendants)

20. Plaintiffs re-allege and incorporate herein by reference each and every allegation contained in paragraph 1 through 19 of this Complaint.

21. On or about September 4, 2007 Plaintiffs and Defendants entered into the Agreement.

22. Pursuant to the Agreement, Plaintiffs were to have a period of 60 days in which to seek financing to redeem their home (the "redemption period").

23. Plaintiffs are informed and believe and thereon allege that prior to the expiration of the redemption period the loan broker and title companies were informed that Plaintiffs no longer owned the home, thereby effectively making it impossible for them to obtain financing.

24. As a result of Defendants' breach Plaintiffs have suffered damages in an amount to be ascertained, but not less than $7 million.

### SECOND CAUSE OF ACTION
(Breach of the Covenant of good Faith and Fair Dealing—All Defendants)

25. Plaintiffs re-allege and incorporate herein by reference each and every allegation contained in paragraph 1 through 24 of this Complaint.

26. The Agreement contained an implied covenant of good faith and fair dealing by which Defendants promised to give full cooperation to Plaintiffs and their performance under the Agreement and to refrain from doing any act which would prevent or impede Plaintiffs from enjoyment of the fruits of said contract. Specifically, the covenant of good faith and fair dealing required Defendants, and each of them, to fairly, honestly and reasonably perform the terms and conditions of the Agreement, including but not limited to explaining truthfully and honestly to loan brokers and title companies the issues concerning the redemption period.

27. As a pretext to deprive Plaintiffs of the full benefits of the Agreement, Defendants purposely gave misinformation to loan brokers and title companies.

28. In so doing, Defendants subjected Plaintiffs to an unfair, dishonest and wrongful scheme to foreclose Plaintiffs from the opportunity to perform during the redemption period.

29. Defendants' breaches of the covenant of good faith and fair dealing were committed and practiced with malice, to injure and oppress Plaintiffs and with a willful and conscious disregard of the rights of Plaintiffs. Accordingly Plaintiffs are entitled to an award of punitive and exemplary damages.

### THIRD CAUSE OF ACTION
(Fraud and Deceit—All Defendants)

30. Plaintiffs allege and incorporate herein by reference each and every allegation contained in paragraph 1 through 29 of this Complaint.

31. Plaintiffs are informed and believe and thereon allege that at the time the Agreement was entered into and throughout the performance of the Agreement by Plaintiffs, Defendants

4

COMPLAINT

represented and promised to Plaintiffs that they would perform the Agreement in accordance with its terms.

32. Said representations were false and Defendants knew them to be false and intended not to be bound by such representations; in truth and in fact, Defendants ad every intention of breaching the Agreement and causing Plaintffs to lose their home.

33. Said representations were made for the purpose of inducing Plaintiffs to enter into the Agreement and dismiss the TILA lawsuit and thereafter for the purpose of inducing Plaintiffs to continue performing said Agreement, only to be denied the benefits of the agreement by Defendants.

34. Plaintiffs allege they were unaware of Defendants' intentions not to be bound by the representations, and justifiably believed and relied upon them, intending to benefit from the redemption period and recover ownership of their home.

35. Plaintiffs allege they had no reason to believe that the representations made by Defendants were anything other than positive affirmations of fact. Defendants were aware of Plaintiffs' vulnerability in this regard, yet took advantage of them.

36. Plaintiffs allege that they could not have discovered the fraud and deceit practiced on them prior to the expiration of the redemption period, and had been given no indication that breach of the Agreement was likely for any reason.

37. As a proximate result of the representations of Defendants, Plaintiffs suffered, and continue to suffer, substantial losses incurred in attempting to regain their home, and have caused Plaintiffs to suffer, and continue to suffer, embarrassment, humiliation and anguish all to their damage in an amount according to proof.

38. Defendants committed and ratified the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiffs, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiffs' rights. Plaintiffs are is entitled to recover punitive damages from Defendants in an amount according to proof.

//