**FOURTH CAUSE OF ACTION**
**(Negligent Misrepresentation—All Defendants)**

39. Plaintiffs reallege paragraphs 1 through 38 of this Complaint and incorporate the same herein as though fully set forth herein.

40. Plaintiffs are informed and believe, and thereon allege that, by the above described acts incorporated herein, Defendants falsely and negligently deceived Plaintiffs and represented to Plaintiffs that Defendants as fact that Defendants would perform the Agreement in accordance with its terms.

41. Defendants, when they made these statements to Plaintiffs had no reasonable ground for believing that they were true, in that Defendants had no intention of performing the Agreement in accordance with its terms. Defendants made the representations with the intent to induce Plaintiffs to rely on the statements, and with the intent to prevent Plaintiffs from further inquiring into the veracity thereof.

42. Plaintiffs allege that they were unaware of Defendants' intentions not to be bound by the representations, and justifiably believed and relied upon them, intending to benefit from the Agreement and redeem their home.

43. Plaintiffs had no reason to believe that the representations made by Defendants were anything other than positive affirmations of fact. Defendants were aware of Plaintiffs' vulnerability in this regard, yet took advantage of them.

44. Plaintiffs were unaware of Defendants' intentions not to be bound by the representations, and justifiably believed and relied upon them, intending to benefit from the Agreement and to be able to redeem their home.

45. Plaintiffs had no reason to believe that the representations made by Defendants were anything other than positive affirmations of fact. Defendants were aware of Plaintiffs' vulnerability in this regard, yet took advantage of them.

46. Defendants made these representations with the intention of inducing Plaintiffs to act in reliance on these representations in trusting Defendants for the purpose of inducing Plaintiffs to

continue performing the Agreement, so that Defendants could retain the benefits of the Agreement, or with the expectation that Defendants would so act.

47. Defendants had no basis to believe these representations to be true and in fact, the representations were not true, thus denying Plaintiffs the benefits of the Agreement.

48. Plaintiff allege that they were unaware of Defendants' intentions not to be bound by the said representations, and justifiably believed and relied upon them, and were thereby induced to continue to attempt performance under the Agreement.

49. Plaintiff did not discover the misrepresentations practiced upon them until approximately then end of October, 2007 and could not, with reasonable diligence, have discovered the said misrepresentations prior to that time, in that prior to that time, Plaintiffs had been given no indication that breach of the Agreement was likely for any reason, or that Defendants would act to deny Plaintiffs the benefit of the Agreement.

50. As a proximate result of the representations of Defendants to Plaintiffs, Plaintiffs have suffered and continue to suffer, substantial losses incurred in determining the effect of the misrepresentations.

51. Plaintiffs haves suffered, and continue to suffer, financial losses, embarrassment, humiliation and anguish all their damage in an amount according to proof.

**FIFTH CAUSE OF ACTION**
**(Declaratory Relief—All Defendants**

52. Plaintiffs reallege paragraphs 1 through 51 of this Complaint and incorporate the same herein as though fully set forth herein.

53. An actual controversy has arisen and now exists between Plaintiffs and Defendants concerning their respective rights and duties under the Agreement, in that Plaintiffs contend that they were wrongfully removed from title of their home whereas Defendants dispute these contentions and contend that Defendants rightfully changed title into their names.

54. Plaintiffs desire a judicial determination of their rights and duties, and a declaration as to whether the Agreement is valid and which party's interpretation of the agreement is correct.



11033366.tif - 12/18/2007 1:39:35 PM

55. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiffs may ascertain their rights and duties under the Agreement.

56. In the event the court determines that the Agreement has been violated, Plaintiffs seek cancellation of the Notice of Default and restoration of title to the home to Plaintiffs.

**PRAYER FOR RELIEF**

**ON THE FIRST CAUSE OF ACTION:**

(a) For actual damages according to proof;

(b) For interest at the legal rate on the all damages awarded pursuant to Section 3287(a) of the Civil Code;

(c) For costs of suit herein incurred; and

(d) For such other and further relief as the court may deem proper.

**ON THE SECOND CAUSE OF ACTION:**

(a) For actual damages according to proof;

(b) For interest at the legal rate on the all damages awarded pursuant to Section 3287(a) of the Civil Code;

(c) For punitive damages and exemplary damages according to proof;

(d) For costs of suit herein incurred; and

(e) For such other and further relief as the court may deem proper.

**ON THE THIRD CAUSE OF ACTION:**

(a) For actual damages according to proof;

(b) For special damages according to proof;

(c) For interest at the legal rate on the all damages awarded pursuant to Section 3287(a) of the Civil Code;

(c) For punitive damages and exemplary damages according to proof;

(d) For costs of suit herein incurred; and

(e) For such other and further relief as the court may deem proper.

**ON THE FOURTH CAUSE OF ACTION:**

(a) For actual damages according to proof;

(b) For special damages according to proof;

(c) For interest at the legal rate on the all damages awarded pursuant to Section 3287(a) of the Civil Code;

(d) For costs of suit herein incurred; and

(e) For such other and further relief as the court may deem proper.

**ON THE FIFTH CAUSE OF ACTION:**

(a) For a declaration that the Agreement was violated by IGL;

(b) For a declaration that the Notice of Default recorded by IGL must be rescinded;

(c) For a declaration that title to the home resides in Fletcher Hartwell Hyler and Sheryl Root Hyler;

(d) For such other and further relief as the court may deem proper.

Dated: December 18, 2007

GREENE, CHAUVEL, DESCALSO & MINOLETTI

By: [signature]
Susan J. Bayerd,
Attorneys for Plaintiffs Fletcher Hartwell Hyler and Sheryl Root Hyler

SJB\HYLER\PLEADINGS\IGL SUIT\COMPLAINT

VERIFICATION

I, Fletcher Hartwell Hyler, hereby certify and declare that I am a party to this action and that I have read the foregoing Complaint and know its contents, and that the same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 18 day of December, at San Mateo, California.

F. H. Hyler
Fletcher Hartwell Hyler