Susan J. Bayerd, Esq. (SBN 099290)
GREENE, CHAUVEL, DESCALSO & MINOLETTI
155 Bovet Road, Suite 780
San Mateo, CA 94402
Tele: 650-573-9500
Fax:  650-573-9689

Attorneys for Plaintiffs
FLETCHER HARTWELL HYLER AND
SHERYL ROOT HYLER

Michael E. Stone, Esq., State Bar No. 46016
Leo B. Siegel, Esq. State Bar No. 116841
LAW OFFICE OF MICHAEL E. STONE
3425 S. Bascom Avenue, Suite I
Campbell, California 95008
408/377-9899 Telephone
408/377-5270 Facsimile

Attorney for Defendants
INVESTMENT GRADE LOANS, ET AL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FLETCHER HARTWELL HYLER and SHERYL ROOT HYLER, <br><br>　　　　　　Plaintiffs, <br><br>　vs. <br><br>INVESTMENT GRADE LOANS, INC., et al. <br><br>　　　　　　Defendants. | CASE NO.: CV 07-3364 SBA <br><br> JOINT CASE MANAGEMENT STATEMENT <br><br> Hearing Date: January 30, 2008 <br> Time:  3:30 p.m. <br> Place:  U.S. District Court <br>　　　　 1301 Clay Street, Ctrm 3 <br>　　　　 Oakland, CA 94612 <br> Judge: Hon. Saundra B. Armstrong |

　　　　This case was transferred from the U.S. Bankruptcy court, Northern District of California on June 27, 2007. The case was reassigned to Judge Saundra Brown Armstrong on July 3, 2007. Defendants submit in fact, that when this case was transferred from the Bankruptcy Court, the Court's Clerk erroneously transferred it twice, once to the Court's San Francisco District, as Action No. 07-CV-03180 WHA, and then a second time to this court under the present case number of this

action.

1. <u>Jurisdiction and Service</u>. This court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1601, et. seq. (the Truth in Lending Act or "TILA"). To the best of Plaintiffs' knowledge, no issues regarding personal jurisdiction or venue exist and no parties remain to be served. Plaintiffs understand that Defendants in this matter have taken the position that this action is duplicative of Action No. 07-CV-03 80 WHA (the "San Francisco matter"), a matter which was in Defendants' perspective settled in September, 2007 pursuant to a Compromise, Settlement and Release of All Claims (the "Agreement"), followed by an Order Dismissing Action, with prejudice entered by the Hon. William H. Alsup, U.S. District Court Judge. Plaintiffs acknowledge, that on the face of the documents contained in both the San Francisco matter file and this action, it appears that the two actions are duplicative. Notwithstanding, Plaintiffs maintain that good cause exists to rescind the Agreement, and therefore, to avoid the necessity of closing and reopening another court file, Plaintiffs believe that this case should remain open for purposes of entertaining Plaintiffs' motion to rescind the Agreement and reinstate the underlying TILA action.

Defendants, on the other hand submit that, since the "San Francisco matter," (which Plaintiffs admit is duplicative of this action) was dismissed with prejudice, this duplicative case is thus subject to dismissal, as well. The Clerk of the United States District Court has indicated that it has no procedure to effect that dismissal without either a motion to dismiss, or a motion to consolidate this case with the San Francisco matter *nunc pro tunc*. Accordingly, Defendants are preparing such a motion, which they will seek to have heard on the Court's first available date, unless the Court is willing to issue an appropriate order dismissing this case *sua sponte.*

2. <u>Facts</u>. In 2007 pursuant to the bankruptcy proceedings of Fletcher H. Hyler, the Trustee in Bankruptcy, Andrea Wirnum, brought an Adversary Action under the Truth in Lending Act against Defendants herein. At the conclusion of bankruptcy proceedings Plaintiffs purchased the claim and took over the proceeding. The parties went forward with the litigation through the San Francisco matter, as neither of their attorneys was aware that the duplicative transfer of the case and the filing of this matter in the Oakland Division had been made. A settlement was reached in the San Francisco matter. However, Plaintiffs assert that Defendants breached the Agreement in that settlement.

Defendants deny such breach occurred.

Defendants contend that if Plaintiffs intend to rescind the Compromise, Settlement and Mutual Release Agreement entered in the San Francisco matter, then they must go before Judge Alsup in that action, and reopen that case in order to move the court to vacate the dismissal and rescind the Agreement. This action is, therefore, still duplicative of the San Francisco matter and still ought to be dismissed. Any other result would amount simply to Plaintiff "judge shopping" for a different result than the one it agreed to accept through the dismissal entered in the San Francisco Matter.

3. <u>Legal Issues</u>. Disputed points of law are centered upon (a) whether this matter is duplicative of the San Francisco matter and must be dismissed, (b) whether the Settlement Agreement is rescindable due to impossibility of performance and (c) whether Defendants by entering into the Settlement Agreement created a new and separate violation of TILA.

Defendants contend these purported "Legal Issues" are not issues at all. Plaintiffs have admitted above that facially, the two actions are indeed identical. They've further admitted that the San Francisco matter was settled. In fact, a Compromise, Settlement and Release Agreement was signed by the parties to conclude the Plaintiffs' TILA claims, and it provided for a full release of all claims between the parties. Judge Alsup then dismissed the San Francisco Matter with prejudice, which the Court may, of course, verify online in the files of Action No. 07-CV-0380 WHA. A true and correct copy of the Release Agreement accompanies this Case Management Statement as Exhibit "A."

4. <u>Motions</u>. No prior motions have been brought. Plaintiffs anticipate moving to rescind the Settlement Agreement; amend the pleading to allege a new TILA violation arising from the Settlement Agreement; and possibly, filing a motion for summary judgment, or in the alternative, for summary adjudication.

Unless the Court in this case will dismiss the action *sua sponte*, Defendants will be filing a motion to dismiss this action, or alternatively, to consolidate it with the San Francisco Matter *nunc pro tunc*, and thereby dismissing it under the same Release Agreement, and Order Dismissing Action that Judge Alsup entered. Defendants add, however, that Plaintiffs' efforts to "shop" for a better result than they agreed to accept (with prejudice) in the San Francisco matter is highlighted by the fact

that the record in the San Francisco matter will reflect that on August 1, 2007, Plaintiffs moved Judge Alsup for an order enjoining Defendants from proceeding with a trustee's sale of the Plaintiffs' real property. The court granted Plaintiffs' a Temporary Restraining Order, but conditioned it upon Plaintiffs posting a bond, and upon them filing a motion for summary judgment by September 6, 2007 (after Plaintiffs indicated that they needed no discovery for their motion). Plaintiffs never filed that motion before agreeing to the settlement and dismissal of the San Francisco matter. Defendants therefore, contend that it is wholly improper for Plaintiffs to come before this Court indicating that they now intend to go forward with a motion for summary judgment.

5. <u>Amendment of Pleadings</u>. Plaintiffs contemplate the possibility that they will seek leave to amend the pleadings to add a new TILA claim arising from the Settlement Agreement.

Defendants will necessarily amend their Answer to the Complaint to allege the dispositive effect of the parties' Settlement, Compromise and Mutual Release Agreement, as well defenses barring this action based upon the doctrine of *res judicata*.

6. <u>Evidence Preservation</u>. No document destruction by Plaintiffs' attorneys has occurred as to any electronically transmitted documents, voicemails or other electronically recorded materials in this matter of which Plaintiffs are aware. Moreover, Plaintiffs' attorneys have taken steps to preserve electronically recorded material, including archiving e-mails, saving voice mails and saving drafts of documents.

Defendants have preserved any documents related to the underlying loan, and the settlement of the Plaintiffs' TILA claims reached and entered in the San Francisco Matter and all other relevant evidence.

7. <u>Disclosures</u>. Plaintiffs do not believe that F.R.C.P. Rule 26 Initial Disclosures were ever made in this matter, in that Plaintiffs were unaware that the matter had any continued existence.

Defendants didn't even know this case was filed in the Court's Oakland Division until they were served with an Order to Show Cause when the parties failed to appear at the initial CMC. By that time, the San Francisco Matter was being settled, and Defendants' and Plaintiffs' former counsel in the San Francisco matter, Mr. Mulligan, presumed and indicated to Defendants' counsel that he would be arranging for the dismissal of this action in the Oakland Division in light of the settlement.

It appears, however, that Plaintiffs HYLER had "settlors' remorse," and instructed their former attorney, Mr. Mulligan, not to dismiss this case. Mr. Mulligan ceased representing Plaintiffs at that time.

8. <u>Discovery</u>. Under the circumstances, neither party has propounded any discovery to date. In the event that this action does go forward, Plaintiffs' proposed discovery plan is:

Phase I:
- (1) propound written discovery (interrogatories, requests for admissions and requests for production of documents);
- (2) take deposition of Andrew Lewis, principal of IGL.

Phase II:
- (1) follow up written discovery;
- (2) take depositions of individual IGL investors.

Phase III:
- (1) wrap up written discovery;
- (2) take depositions of expert witnesses.

Should this action proceed, Defendants will also propound the same written discovery, and then take the depositions of at least Plaintiff FLETCHER HARTWELL HYLER, and any expert witnesses he may propose to have testify on Plaintiffs' behalf.

9. <u>Class Actions</u>. This is not a class action.

10. <u>Related Cases</u>. There are no cases or proceeding pending before another judge of this court. There is pending in State court (San Mateo County Superior Court) a damage action by Plaintiffs against Defendants, and an appeal arising from a State court unlawful detainer action in which the Plaintiffs are Defendants therein.

11. <u>Relief</u>. Plaintiffs seek rescission of the Settlement Agreement, rescission of the underlying loan, attorneys fees and actual damages, and all other allowable damages provided under TILA.

Defendants contend Plaintiffs are barred by the doctrine of *res judicata* from seeking any relief in this action by grace of the Compromise, Settlement and Mutual Release Agreement and the Order

1 Dismissing Action with prejudice that Judge Alsup entered in the San Francisco matter.

2     12. <u>Settlement and ADR</u>. No efforts at alternative dispute resolution have occurred to date. Prospects for settlement are dependent on discovery responses, as well as the outcome of the aforementioned motion for summary judgment/summary adjudication of issues.

    Defendants submit they already entered into a good faith settlement with Plaintiffs in the duplicateive San Francisco matter, and will not negotiate an alternative settlement merely because the Clerk of the Court erroneously filed this action.

    13. <u>Consent to Magistrate Judge For All Purposes</u>. Neither Plaintiffs, nor Defendants consent at this time to conduct of further proceedings by a magistrate judge.

    14. <u>Other References</u>. Neither Plaintiffs, nor Defendants believe that this case is suitable for reference to binding arbitration, special master or the Judicial Panel on Multidistrict Litigation.

    15. <u>Narrowing of Issues</u>. Plaintiffs assert that the issues in this matter are already narrow (that is, whether TILA was violated). Defendants construe the narrowness of the issues as controlled solely by whether the Court agrees that this matter is duplicative of the San Francisco matter, and must thereby be dismissed.

    16. <u>Expedited Scheduling</u>. Plaintiffs asserts that this case is not appropriate for expedited procedures.

    Defendants submit that, inasmuch as this action was evidently transferred erroneously to this court, after it was also transferred from the United States Bankruptcy Court to the San Francisco Division, and litigated there to a settlement resulting in a Dismissal of Plaintiffs' TILA claims with prejudice, it is requested that the Court expedite the conclusion of this case the maximum amount possible, and specifically by dismissing it *sua sponte*.

    17. <u>Scheduling</u>. Plaintiff proposes, designation of experts by April 21, 2008, regular discovery cutoff May 8, 2008, expert discovery cutoff June 6, 2008; dispositive motions by August 6, 2008; pretrial conference August 25, 2008 and trial October 6, 2008. Defendants do not contest that proposed schedule.

    18. <u>Trial</u>. Plaintiff prefers this case to be tried to a jury, with expected trial length of 3-4 days. Defendants request a Court trial, as the complexity of TILA and the facts underlying this

7
JOINT CASE MANAGEMENT STATEMENT

action would cause a jury trial in this matter to take over two weeks to complete.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>.  None known by either party.

Dated: January __, 2008

                                          Respectfully submitted,

                                          GREENE, CHAUVEL, DESCALSO
                                          & MINOLETTI

                                          *Susan J. Bayerd*

By: _____
      Susan J. Bayerd, Attorneys for Plaintiffs

                                          LAW OFFICE OF MICHAEL E. STONE

                                          *Leo B. Siegel*

By: _____
      Leo B. Siegel, Attorneys for IGL, et al.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT  A